THOMAS, Judge,
concurring specially.
I concur fully in the main opinion, although I take no pleasure in the practical results of it. I write specially to point out that this case illustrates what is surely an unintended effect of the Alabama Parent Child Relationship Protection Act (“the Act”), codified at § 30-3-160 et seq., Ala. *362 Code 1975. In this case, our application of the requirements of the Act has required the return of two children (“the children”) who relocated to Tennessee nearly three years ago.
Serena Patterson (“the mother”), the relocating parent, failed to provide notice to Brandon Larue (“the father”) and failed to' acquire an order from the Marshall Circuit Court to allow the temporary relocation of the children; however, the mother relocated the children — a behavior that does not appear to be contemplated by the Act. The testimony demonstrated that the mother did not knowingly violate the Act and that the father promptly initiated litigation to prevent the relocation of the children. However, the mother, the custodial parent, was entitled to keep the children with her pending the resolution of the action, which took nearly three years in this case.
I realize that the procedural history of this case is not typical; however, eases of this nature commonly extend for more than a year, during which time a relocated child would naturally begin forming ties in the new location, which makes the determination of the best interest of the child even more difficult. Because the situation illustrated by this case belies the intent of the Act stated at § 30-3-160 — “children need both parents, even after a divorce”— I respectfully urge our legislature to revisit the Act, to review the approaches of other states that have tackled the issue of the relocation of a custodial parent, and to amend the Act to effectuate its commendable intent to protect the best interests of Alabama’s children.
THOMPSON, P.J., concurs.